**UNITED STATES of America,
Appellee,**

v.

**Nathan LANDIN and Twin Textiles, Inc.,
Appellants.**

**No. 196, Docket 25871.**

United States Court of Appeals
Second Circuit.

Argued Jan. 4, 1960.

Decided Jan. 28, 1960.

Henry K. Chapman, New York City, for appellants.

Herbert B. Greene, Asst. U. S., Atty., S. D. of New York, New York City (S. Hazard Gillespie, Jr., U. S. Atty., and Kevin Thomas Duffy, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

PER CURIAM.

This appeal turns on whether there was sufficient evidence to support the convictions of the appellants, Nathan Landin and Twin Textiles, Inc., for unlawfully, wilfully and knowingly keeping false records with knowledge that they were materially false in that they understated the number of hours worked each week by certain of the employee-homeworkers, during the period from March 1, 1956 to December 31, 1957, in violation of 29 U.S.C.A. §§ 211(c), 215(a) (5) and 216(a). The case was tried before Judge Palmieri in the Southern District of New York, the defendants having waived a jury.[1] There was ample evidence to support the judge's verdict and we affirm the convictions.[2]

Twin Textiles, Inc. produces laces, nettings and veilings, for sale in interstate commerce. It employed workers at its plant located at 21–23 West 38th Street, New York City, and also homeworkers who were paid only a piece rate basis

---

1. Judge Palmieri acquitted the defendants on the three other counts of the information,—count 1 for paying employees less than $1.00 an hour; count 3 for failing to keep records showing the hours worked on each lot of work, as required by statute and regulations; and count 4 for shipping in commerce goods in production of which workers were employed in violation of law. We see no inconsistency in the trial judge's acquittal on these three counts and the conviction on count 2.

2. Landin was fined $750 and Twin Textiles, Inc. $2,000.

and who were supervised by appellant Landin.

The evidence showed that homeworkers were employed without any adequate test to determine whether they could make enough nettings or veilings in one hour in order to earn the minimum wage at a piece rate. No applicant for home work was ever refused a job. The homeworkers were all women, most of whom had children. They reported at the plant each week and were given the raw materials by Landin. When the finished material was returned, Landin checked it and entered the hours worked in the records. The hours Landin entered in the records were determined by multiplying the number of completed articles by the piece rate; thus the calculations were made in such a way that the hours worked were fixed by the wages earned rather than the reverse. Ten homeworkers testified that Landin never asked the number of hours they had worked at home. Eleven homeworkers testified that the records understated the number of hours they actually worked. Several homeworkers complained to Landin that they were unable to earn the minimum of $1.00 per hour at the piece rate in effect, but despite this the records stated that all homeworkers earned at least $1.00 an hour. The records also showed what the trial judge described as a "glaring uniformity" in the wages earned by homeworkers, without any discrepancies or differentials between the amounts earned by fast and slow workers. The numerous inconsistencies between the company records and the homeworkers' handbooks and the numerous erasures in the records also support the government's contention that the records were doctored to give the appearance of compliance with the minimum wage law.

Any possible doubt as to the sufficiency of the evidence, and we think there could be none, is resolved against the appellants by the conduct of Landin and Frank Eisenman, the company president, after the Department of Labor had commenced an investigation of the company's practices. Landin told homeworkers to tell the labor investigator that they were earning the minimum wage. Eisenman, during an interview with the labor investigator, said that he "would like to take care of this on a friendly basis" and asked for the name of his superior and the fraternal organizations to which he belonged.

In sum, there was ample evidence to show that the appellants wilfully kept false records.

Judgment affirmed.